■ Amherst Factors, Inc., Respondent, v. Evelyn Kochenburger, Individually and as Administratrix of the Estate of Otto Kochenburger, Deceased, et al., Appellants, et al., Defendants.— In an action to foreclose a mortgage, the appeal is from an order and interlocutory judgment (one paper) granting respondent's motion (1) to strike out the affirmative defenses in the answer as insufficient in law (Rules Civ. Prac., rule 109, subd. 6), (2) to dismiss the counterclaims as not stating causes of action (Rules Civ. Prac., rule 109, subd. 5) and (3) for summary judgment (Rules Civ. Prac., rule 113), and denying appellants' cross motion to preclude respondent from giving evidence

at the trial unless a bill of particulars was served in accordance with their demand therefor. Order and interlocutory judgment unanimously affirmed, without costs. On January 10, 1956, D. N. P. Flooring Corporation executed a series of acceleration notes which were indorsed in blank by its president and by the intestate of appellant Evelyn Kochenburger, an employee of said corporation. Respondent, which is a domestic corporation not incorporated under the Banking Law, discounted the notes and paid the net proceeds of the loan to D. N. P. Simultaneously with that transaction, the intestate executed, as additional collateral security for the loan, a mortgage covering a parcel of real property that he owned. Also simultaneously therewith, the intestate executed a guarantee of repayment of the face amount of the loan, which recited in part that respondent refused to make the loan to D. N. P. unless guaranteed by the intestate. The intestate paid two of the notes, and the action to foreclose was based on a default in payment of the other notes. Appellants' defenses and counterclaims are based on a contention that the transaction was illegal, as in violation of the Banking Law (§ 131) and of the General Corporation Law (§ 18), since the intestate received none of the proceeds of the alleged illegal loan and discount, and that the mortgage did not cover property owned by D. N. P., the borrower. There was no claim that respondent was regularly engaged in the business of making illegal loans and discounts or that the alleged illegal transaction was other than an isolated alleged illegal transaction on the part of respondent. We shall assume *arguendo* that in and by itself the loan and discount would have been illegal and the notes unenforcible despite the fact that the transaction was an isolated one (cf. *Miller* v. *Discount Factors*, 1 N Y 2d 275). But the guarantee and mortgage were executed simultaneously with the making of the loan and discount and as part of a single transaction. Section 18 of the General Corporation Law, as an exception to the provisions prohibiting a corporation other than a banking corporation from carrying on the business of discounting notes or engaging in other forms of banking, provides that such a corporation may engage " in the business of loaning money in this state * * * secured by deeds of trust or mortgages upon real property or personal property situated in, upon or appurtenant thereto ". In our opinion, the transaction came within the exception, and the notes and mortgage are enforcible. Present — Nolan, P. J., Wenzel, Beldock, Murphy and Kleinfeld, JJ.